UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PEDRO AMIGON, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>-against-<br><br>2WITH DELI CORP. *et al.*,<br><br>Defendants. | : | 26-CV-1864 (VSB)<br><br>**ORDER** |

VERNON S. BRODERICK, United States District Judge:

The Court has been advised that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case. (Doc. 18.) Parties may not privately settle FLSA claims absent the approval of the Court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022). Rather, the parties must satisfy the Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015).

In order to determine whether an agreement is fair and reasonable under the FLSA, the Court must:

> consider the totality of circumstances, including but not limited to the following [5] factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.

*Beckert v. Rubinov*, No. 15-CV-1951, 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015)

(quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). And, if the settlement agreement includes a provision for attorney's fees, the Court must "separately assess the reasonableness of plaintiffs, attorney's fees." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). In order to aid in this determination, "counsel must submit evidence providing a factual basis for the [attorney's fees] award." *Beckert*, 2015 WL 6503832, at *2.

Therefore, it is hereby:

ORDERED that within thirty (30) days of this Order the parties provide this Court with the terms of the settlement in order to ensure that, in compliance with the FLSA, they are fair and reflect a reasonable compromise of disputed issues.

IT IS FURTHER ORDERED that, along with the terms of the settlement, the parties shall provide this court with a joint letter of no more than five (5) pages explaining why they believe the settlement reflects a fair and reasonable compromise of disputed issues. The letter shall include, but need not be limited to, information concerning the five (5) factors identified in *Beckert*.

IT IS FURTHER ORDERED that, if the agreement includes a provision for attorney's fees, the parties submit evidence providing a factual basis for the attorney's fees award. Any submission shall include "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Lopez v. Nights of Cabiria*, *LLC*, No. 14-CV-1274, 2015 WL 1455689, at *7 (S.D.N.Y. March 30, 2015).

IT IS FURTHER ORDERED that, to conserve resources, to promote judicial efficiency, and in an effort to achieve a faster disposition of this matter, the parties must discuss whether they are willing to consent, under 28 U.S.C. § 636(c), to conducting all further proceedings

before the assigned Magistrate Judge. If both parties consent to proceed before the Magistrate Judge, the parties shall file a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form, a copy of which is available at https://www.nysd.uscourts.gov/forms/consent-proceed-us-magistrate-judge, or either mail or email this form to BroderickNYSDChambers@nysd.uscourts.gov within thirty (30) days of this Order. If the Court approves that form, all further proceedings will then be conducted before the assigned Magistrate Judge rather than before the undersigned.

SO ORDERED.

Dated: November 10, 2026
New York, New York

Vernon Broderick

Vernon S. Broderick
United States District Judge